JOHN F. RYAN (JF-1762)
McDERMOTT & RADZIK, LLP
*Attorneys for Plaintiff*
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY 10005-1801
(212) 376-6400
(Our File: GM-08-3619 JFR/ECR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

MICHELS CORPORATION,                             **Case No.** 08 Civ. 02951 (LAK)

                    Plaintiff,                   **COMPLAINT**

        -   against -

McALLISTER TOWING AND
TRANSPORTATION COMPANY, INC,
and McALLISTER TOWING
OF CHARLESTON, INC.,

                            Defendants.

-----------------------------------------------------------X


        NOW COMES plaintiff, Michels Corporation, and by and through its attorneys,

McDERMOTT & RADZIK, LLP, complaining of the above-named defendants, hereby

alleges as follows:

                            The Parties

        1.      Plaintiff, Michels Corporation (hereinafter referred to as "Michels"), is a

Wisconsin corporation with its principal place of business located at 817 West Main

Street, Brownsville, Wisconsin.  At times relevant hereto, Michels was the charterer of the lift boat SUPERIOR VALOR.

2.    Defendant, McAllister Towing and Transportation Company, Inc., is, upon information and belief, a Delaware corporation with a place of business located at 17 Battery Place, New York, New York 10004.  At times relevant hereto, the aforesaid defendant owned, operated, managed or otherwise controlled the tug MICHAELA MCALLISTER and the submersible barge ATLANTIC TRADER.

3.    Defendant, McAllister Towing of Charleston, Inc., is, upon information and belief, a South Carolina corporation with a place of business located at 1120 North Park Drive, North Charleston, South Carolina 29405  At times relevant hereto, the aforesaid defendant operated, managed or otherwise controlled the tug MICHAELA MCALLISTER and the submersible barge ATLANTIC TRADER as owner *pro hac vice*.

<u>Jurisdiction and Venue</u>

4.    This action is one of which the District Court has original jurisdiction under 28 U.S.C. §1333 because it is a civil action based upon maritime tort as hereinafter more fully appears and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Venue is proper in accordance with 28 U.S.C. §1391(b).

<u>Factual Allegations</u>

5.    On or about January 5, 2007, defendants entered into an agreement with Troika International, Inc. pursuant to which defendants agreed to dry tow the lift boat

SUPERIOR VALOR aboard the submersible barge ATLANTIC TRADER from Chaguaramas, Trinidad to Galveston, Texas.

6.    On or about January 21, 2007, at the Port of Chaguaramas, Trinidad, defendants received and accepted the Lift boat laden on board the ATLANTIC TRADER for transportation to Galveston, Texas.

7.    On January 22, 2007, while the Lift boat was being dry-towed by the tug MICHAELA MCALLISTER to Galveston, Texas, the Lift boat's starboard leg sheared off and was damaged and lost during transit.

8.    On or about January 31, 2007, while the Lift boat was being dry-towed by the tug MICHAELA MCALLISTER to Galveston, Texas, the Lift Boat's port leg also sheared off and was damaged and lost during transit.

9.    The flotilla arrived in the Port of Galveston, Texas on February 1, 2007.

10.    On or about February 22, 2007, Michels gave notice of the loss and made claim against defendants regarding the damages sustained to the Lift boat during the voyage.

Count I
(*Maritime Tort*)

11.    Michels repeats and realleges each and every allegation contained in Paragraphs "1" through "9" of this Complaint with the same force and effect as if fully restated herein.

12.    The damages to the Lift boat were caused by the negligence of defendants and those in charge of the tug MICHAELA MCALLISTER, and the unseaworthy

condition(s) of the said tug and barge, with the privity and knowledge of defendants, and without any negligence on the part of Michels contributing thereto.

13.    By reason of the aforesaid premises, defendants breached their respective duties of care to plaintiff and were otherwise at fault.

14.    As a direct and proximate result of the foregoing, Michels has sustained damages in the nature of repairs costs to the Lift boat, survey expenses and other incidental damages in the amount of $1,572,000.64, as nearly as the same can now be estimated, and consequential damages in the nature of demurrage or accrued charter hire owed to Superior Energy Services, LLC in the amount of $2,991,500.00, as nearly as the same can now be estimated, no part of which has been paid although duly demanded.

**WHEREFORE**, plaintiff, Michels Corporation, respectfully prays that this Honorable Court enter judgment in its favor against defendant, McAllister Towing of Charleston, Inc., in the amount of its general compensatory and special damages according to proof, punitive damages according to law, together with an award of prejudgment interest, costs of suit and expenses, and reasonable attorneys' fees, and such further relief to which it may show itself justly entitled.

Dated: New York, New York
        March 20, 2008

McDERMOTT & RADZIK, LLP
*Attorneys for Plaintiff Michels Corporation*

By:

JOHN F. RYAN (JR-1762)
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY 10005-1801
(212) 376-6400
(212) 376-6488 (Facsimile)
e-mail: jfryan@mcdermottradzik.com

- and -

Norman A. Peloquin, II
*Of Counsel*
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 (Facsimile)
E-mail: nap@psh.com